## HENRY C. AND ANNABELLE A. HOUSER
### *v.* COMMISSION

William N. Gross, Davies, Biggs, Strayer, Stoel and Boley, Portland, Oregon, represented plaintiffs.

Richard A. Uffelman, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered April 18, 1969.

.· EDWARD H. HOWELL, Judge.

The plaintiffs appeal from income tax deficiencies assessed against them by the tax commission for the tax years 1964 and 1965.

In each of the years involved the plaintiffs realized substantial capital gains which they reinvested in qualifying Oregon property and elected to receive the special capital gains treatment pursuant to ORS 316.408 to 316.450 which were in effect at that time. The commission denied special capital gains treatment to all gains which were not retained in the reinvestment assets for at least three years.

A review of the pertinent tax statutes relating to capital gains realized in 1964 and 1965 is necessary.

In 1959 the legislature enacted Or L 1959, ch 591, which provided for special tax treatment of gains received from the sale or exchange of capital assets. ORS 316.436 provided that only certain percentages of the gain were taxable if the taxpayer held the capital asset for at least one year and if the taxpayer elected to receive special capital gains treatment under ORS 316.432. It was also necessary that the proceeds from the sale be reinvested in certain qualifying assets which were enumerated in ORS 316.420. ORS 316.414(1) required that the reinvestment in the qualifying investments be made in "good faith." Concerning the good faith requirement, subsection (2) of ORS 316.414 stated:

"(2) For the purposes of this section, if the taxpayer within a period of three years from the date the capital gains are invested in compliance with ORS 316.408 to 316.432 sells or otherwise disposes of the investment, such sale or other disposition shall, unless the taxpayer establishes to the con-

trary, be deemed to have been made in bad faith, but no such investment which is sold or otherwise disposed of after the expiration of such three-year period shall be treated as having been made in bad faith."

In 1965 the legislature enacted Or L 1965, ch 410, which repealed the existing capital gains statutes and in general adopted the federal Internal Revenue Code relating to capital gains. Under the new act it was no longer necessary for the taxpayer to report an election for special capital gains treatment or to reinvest the proceeds in qualifying Oregon assets in order to receive the capital gains benefits. Section 9 of the act stated that the new provisions applied to sales or exchanges occurring on or after July 1, 1965.

Section 8 of the new act contained a savings clause which stated:

*"Nothing in this 1965 Act shall relieve any person of any obligation with respect to any tax, penalty, interest, forfeiture or any other liability, duty or obligation accruing under, or with respect to, the provisions of law repealed by this 1965 Act.* After the effective date of such repeals and amendment, the commission may undertake the collection or enforcement of such accrued tax, penalty, interest, forfeiture or other liability, duty or obligation; however, *it shall be presumed in every instance that each investment has met the requirements of good faith prescribed by ORS 316.414."* (Emphasis supplied.)

All the plaintiffs' capital gains involved in this case were realized before July 1, 1965. Plaintiffs complied with the former statute and reinvested in qualifying Oregon assets. The date of the reinvestments ranged from February 24, 1964, to July 2, 1965. The plaintiffs held the reinvestments for less than three

years as all of them were liquidated between August 16, 1965, and December 30, 1965.

The tax commission found that the plaintiffs' reinvestments of the capital gains which were realized before July 1, 1965, did not meet the good faith test of the former statute because they were not held for three years. The commission argues that the legislature did not intend that a taxpayer who had capital gains before July 1, 1965, and reinvested could withdraw the reinvestment before three years.

The tax commission states that it has interpreted § 8 of the 1965 act to mean that the reinvestment of capital gains realized before July 1, 1965, must withstand the same good faith test that existed under the former law. Therefore it has disallowed capital gains treatment where the reinvestments were liquidated in less than three years. The commission argues also that even if the new act created a presumption of good faith the presumption is overcome if the taxpayer liquidates his reinvestment in less than three years.

The plaintiffs contend that the element of good or bad faith is no longer important under the language of § 8 of the 1965 act. The plaintiffs argue in effect that the language "it shall be presumed in every instance that each investment has met the requirements of good faith prescribed by ORS 316.414" was intended to eliminate the three-year holding period for reinvestment.

■ Under the former statute, ORS 316.441(1), a good faith reinvestment was required. Under subsection (2) if the taxpayer liquidated his reinvestment in less than three years the reinvestment "shall, unless the taxpayer establishes to the contrary, be deemed to have been made in bad faith  *  *  *." If it were held over three years it would qualify without ques-

tion. The effect of the previous statute was to create a disputable presumption of bad faith if the taxpayer liquidated his reinvestments before three years. The presumption of bad faith was eliminated in § 8 of the 1965 act when it stated that "it shall be presumed in every instance that each investment has met the requirements of good faith prescribed by ORS 316.414."

■■ If the former presumption of bad faith from holding the reinvestment less than three years was intended to have been perpetuated by the legislature there would have been no reason to add the good faith provision to the 1965 act. Moreover, if the presumption of good faith is overcome by the action of the taxpayer in liquidating his reinvestments in less than three years as the tax commission contends, it would leave the statute in the same condition it was before the enactment of the 1965 act. To say that prior to the 1965 act a liquidation before three years created a presumption of bad faith and that after the 1965 act a liquidation in less than three years negates the presumption of good faith, is merely stating the same proposition in different language.

■ The more logical interpretation is that the legislature intended to establish a cut-off date between capital gains realized under the former Oregon statutes and capital gains determined on the basis of the Internal Revenue Code. That cut-off date was established as July 1, 1965. The legislature undoubtedly intended to allow taxpayers who sustained capital gains before July 1, 1965, to have the benefit of the act by not being required to retain their reinvestment for three years. A contrary interpretation would require a taxpayer who had realized capital gains shortly before July 1, 1965, and reinvested the proceeds as required by the former statute, to retain the proceeds

in the reinvestment assets for at least three years. By contrast another taxpayer who had gains from the sale or exchange of capital assets on July 15, 1965, for example, would be able to take advantage of the new capital gains provision merely by having held the capital assets for the six-months' period required by the Internal Revenue Code.

The taxpayers in this case are not receiving a tax windfall by the enactment of the 1965 act. Under the former statutes the taxpayers were required to have a sale or exchange of a capital asset which they had held for at least one year, a reinvestment in certain qualifying assets and a holding of the reinvestment assets for at least three years. Under the 1965 act if the sales of the capital assets occurred before July 1, 1965, as they did in this case, the taxpayers were also required to have held the capital assets for at least one year and to have reinvested in the qualifying assets. The only requirement that was eliminated was the three-year holding period in the reinvestment. The general effect of the 1965 act was to place a taxpayer who had realized capital gains before July 1, 1965, on a more equal basis with one who had realized capital gains after July 1, 1965.

The order of the tax commission is set aside.